UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN I.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-5157-BAT

**ORDER**

Plaintiff Martin I. seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by (1) misevaluating the medical evidence, (2) failing to properly consider the effects of plaintiff's chronic pain, and (3) failing to evaluate the testimony of plaintiff's mother about his limitations. Dkt. 13. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 42 years old, has a high school education, and has worked as a construction worker and operating engineer. Tr. 43, 48-50. In March 2016, he applied for benefits, alleging disability as of July 7, 2015. Tr. 260, 262. After his applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on March 21, 2018, issued a

ORDER - 1

decision finding plaintiff not disabled. Tr. 15-28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; he had the following severe impairments: cervical degenerative disc disease status post-surgery, bilateral carpal tunnel syndrome, attention deficit hyperactivity disorder, and chronic pain syndrome; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 17-18. The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with additional postural, manipulative, and environmental limitations, and he can understand, remember, and apply detailed but not complex instructions. Tr. 20. The ALJ found that plaintiff could not perform any past work, but, as there were jobs that exist in significant numbers in the national economy that he could perform, he was not disabled. Tr. 26-27.

**DISCUSSION**

**A.    Medical evidence**

Plaintiff argues that the ALJ erred by accepting the physical capacity assessment from treating physician's assistant Bradley Smith, PAC, but rejecting a similar but more detailed assessment from treating physician Matthew Stevenson, MD, and failing to comment on another similar assessment from treating chiropractor Joel Vranna, DC. Dkt. 13 at 8. The ALJ must give specific and legitimate reasons for rejecting a treating doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating doctor's uncontradicted

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must give germane reasons for rejecting opinions from other sources that are not acceptable medical sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

In January 2016, Mr. Smith opined that plaintiff was limited to sedentary work. Tr. 487. He opined that plaintiff's cervical degenerative disc disease, carpal tunnel syndrome, and rotator cuff syndrome caused moderate to marked limitations in sitting, standing, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. Tr. 486. The ALJ gave Mr. Smith's opinion significant weight, finding it substantially consistent with the evidence as a whole. Tr. 24. The ALJ also stated that adopting Mr. Smith's assessment would give plaintiff the greatest possible benefit of the doubt concerning his subjective complaints. *Id.* Plaintiff asserts that Mr. Smith's assessment is similar to Dr. Stevenson's and Mr. Vranna's assessments, except the latter two assessments used forms that were more specific in quantifying limitations that affect work activity, and yet the ALJ rejected the latter two assessments without providing valid reasons. Dkt. 13 at 8.

In July 2017, Dr. Stevenson opined that plaintiff could stand or walk for less than 2 hours and sit for about 4 hours in an 8-hour workday; he could rarely lift less than 10 pounds and never lift more than that, rarely perform postural activities, and perform manipulative activities from 5 to 30 percent of a workday; he would be off task 25 percent of the time or more; he was incapable of even low stress work; and he would be absent from work more than four days per month. Tr. 813-15.

The ALJ gave Dr. Stevenson's opinion little weight, finding that the assessment was not well supported by the medical evidence of record, that plaintiff does not have significant abnormalities of the mid- or low-back that would limit his postural activities to the degree Dr.

Stevenson opined, he had no medically determinable severe impairment that would limit his ability to sit, and the orthopedic and diagnostic records support plaintiff having normal strength, sensation, and range of motion in his upper extremities, which was at odds with Dr. Stevenson's assessment. Tr. 25. Plaintiff argues that Mr. Smith also found marked limitations in plaintiff's ability to sit, stand, carry, lift, push, stoop, and crouch, and perform manipulative activities, which the ALJ accepted even while rejecting Dr. Stevenson's similar limitations. Dkt. 13 at 8-9. Plaintiff also argues that the ALJ engaged in improper medical analysis in finding that plaintiff did not have mid- or low-back abnormalities that would limit his postural activities to the degree Dr. Stevenson opined. Dkt. 13 at 8. Both Dr. Stevenson and Mr. Smith attributed postural limitations to plaintiff's cervical disc disease, and yet the ALJ accepted Mr. Smith's opinions about these limitations and rejected Dr. Stevenson's. Moreover, the ALJ may not substitute his own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). The ALJ impermissibly relied on his own interpretation of the medical evidence in finding that only a low back impairment could cause the postural limitations Mr. Smith and Dr. Stevenson opined. These were not valid reasons to reject Dr. Stevenson's opinion.

The ALJ also found that Dr. Stevenson's opinion that plaintiff was incapable of even low stress work was not supported by the consultative psychological examination and found that Dr. Stevenson is not a psychiatric specialist. *Id.* Dr. Stevenson opined that plaintiff's inability to tolerate even low stress work was because his "pain precludes concentration." Tr. 815. He did not attribute this limitation to a psychological impairment. And the fact that a primary care physician is not a mental health specialist is not a valid reason to reject her opinion about a

claimant's mental limitations. *See Lester*, 81 F.3d at 833. These were also invalid reasons to reject Dr. Stevenson's opinion.

The ALJ found that Dr. Stevenson's opinion that plaintiff would be absent four days per month appeared to be overly reliant on plaintiff's subjective complaints. Tr. 25-26. And the ALJ found that at the time he gave his opinion, Dr. Stevenson had been treating plaintiff for only a few months, and his own treatment notes do not report any objective neurological abnormalities. Tr. 26. An ALJ does not provide adequate reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Stevenson did not question plaintiff's complaints and supported his opinion with clinical findings. These were not valid reasons to reject the opinion. The ALJ failed to provide specific and legitimate reasons to discount Dr. Stevenson's opinion.

In June 2017, Mr. Vranna opined that plaintiff could stand, walk and sit for about 2 hours each in an 8-hour workday; he could frequently lift 10 pounds and occasionally lift 20 pounds; he could rarely perform postural activities, could perform manipulative activities 10 to 20 percent of the time, and he could never reach. Tr. 808-09. The ALJ did not discuss Mr. Vranna's opinion in the decision.

The Commissioner concedes that the ALJ's failure to comment on Mr. Vranna's opinion was error but asserts that the error was harmless because Mr. Vranna's opinion was similar to Dr. Stevenson's. Dkt. 14 at 16. However, as the court has found that the ALJ erred in rejecting Dr. Stevenson's opinion, this argument fails. Mr. Vranna's opinion is competent evidence from a treating "other" medical source that the ALJ failed to address. This failure would raise serious

ORDER - 5

concerns even absent the ALJ's errors in evaluating Dr. Stevenson's opinion. Including those errors, the court cannot find that the error in failing to comment on Mr. Vranna's opinion was harmless error. The ALJ committed harmful legal error in failing to evaluate Mr. Vranna's opinion.

### B. Chronic pain

Plaintiff argues that the ALJ erred in discounting plaintiff's testimony about the effects of his chronic pain. Dkt. 13 at 10. Where, as here, there is no finding of malingering, the ALJ must provide clear and convincing reasons to reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Plaintiff argues that even though the ALJ recognized that plaintiff has a pain disorder, the ALJ ascribed minimal limitations to this condition. Dkt. 13 at 12. However, he does not identify the specific limitations he believes the ALJ should have included. He describes his testimony about his daily activities. *Id.* at 11. He asserts generally that people who are sleep deprived have issues with mental function and can be irritable. *Id.* at 12. These assertions do not establish that the ALJ erred in evaluating the limiting effects of plaintiff's pain.

Plaintiff also asserts that the ALJ's finding that "there appears to be some level of symptom somatization" (Tr. 22) is an improper mental diagnosis that the ALJ is not qualified to make and does not appear in the record. *Id.* In making this finding, the ALJ discussed inconsistencies between plaintiff's pain complaints and the objective findings in the record. Tr.

22. The ALJ did not diagnose plaintiff with somatization disorder. The court declines to find error in the ALJ's use of the term symptom somatization.

However, considering the ALJ's errors in evaluating the medical and other evidence in this case, the court finds that on remand, the ALJ should reevaluate plaintiff's testimony in light of the reevaluation of the medical and other evidence.

### C. Lay witness evidence

Plaintiff's mother, Ms. I., testified at the hearing, describing her son's daily activities, the limitations she observes from his impairments, and the help she provides him in his home. Tr. 87-100. The ALJ described Ms. I.'s testimony but did not otherwise address it or explain the weight he gave to it. Tr. 21. Again, the Commissioner concedes that the ALJ erred by failing to weigh this testimony but asserts that this error was harmless because the unaddressed testimony is similar to the addressed testimony. Dkt. 14 at 15-16.

Lay witnesses are capable of "making independent observations of the claimant's pain and other symptoms." *Dodrill*, 12 F.3d at 919. That is just what Ms. I. did. Although the Commissioner proposes several reasons why the ALJ might have discounted Ms. I.'s testimony, these are post hoc rationalizations that the Court cannot rely on to affirm the ALJ's decision. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The ALJ's error in failing to weigh this testimony was not harmless. The ALJ shall evaluate this testimony on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the medical evidence, including the opinions of Dr. Stevenson and Mr. Vranna, plaintiff's testimony, and the testimony of plaintiff's mother. The

ALJ shall further develop the administrative record and take additional expert testimony as needed, and redo the five-step disability evaluation process as necessary and appropriate to make a new decision in this case.

DATED this 13th day of August, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER - 8