UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN A. IMHOF, III,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C19-5157-BAT

**ORDER DIRECTING PARTIES TO SUPPLEMENT MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

Counsel for plaintiff seeks an award of attorney's fees in the net amount of $8797.15 pursuant to 42 U.S.C. § 406(b). Dkt. 20. The Commissioner opposes the motion as plaintiff's "*de facto* trustee," arguing that the motion should be denied as untimely and, alternatively, that the motion should be denied in part because it incorrectly calculates the past-due benefits upon which the request is based. Dkt. 21. The Court rejects the Commissioner's assertion that the motion should be denied as untimely and finds that an award of attorney's fees under § 406(b) is appropriate. However, the Court further finds that the parties have failed to establish the amount of plaintiff's past-due benefits and/or the amount the Commissioner has withheld from this amount for payment of attorney's fees. The Court therefore **ORDERS** the parties to submit, no later than **April 8, 2022**, documentation establishing these amounts. Upon receipt of proper

documentation, the Court will be able to assess the proper amount of § 406(b) fees to be awarded.

## BACKGROUND

On August 13, 2019, this Court entered a final order and judgment reversing the Commissioner's decision denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income; the Court remanded the case for further administrative proceedings. Dkt. 16, 17. On October 24, 2019, the Court granted counsel's unopposed motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $9874.85. Dkt. 19.

On August 17, 2020, the ALJ issued a fully favorable decision finding plaintiff disabled as of his alleged onset date, July 7, 2015. Dkt. 23, ex. 2. On October 3, 2020, the Social Security Administration issued a notice of award of Disability Insurance Benefits; this notice did not state the amount of past-due benefits awarded or indicate how much, if any, past-due benefits were being withheld to pay attorney's fees. Dkt. 23, ex. 3. On October 30, 2020, the SSA issued a notice of award of Supplemental Security Income, which included a notice that plaintiff was owed past-due SSI benefits of $15,417.00. Dkt. 23, ex. 3.

Counsel filed the present motion for § 406(b) fees on February 4, 2022, some 15 months after the SSA issued the notices. Dkt. 20. In his motion, counsel states that the amount of plaintiff's past-due benefits for DIB was $59,271.00. Dkt. 20 at 3. Adding that amount to the $15,417.00 of past-due SSI benefits for a total of $74,688 in past-due benefits, counsel asks for an award of 25% of this amount, or $18,672.00, minus the $9874.85 of EAJA fees already paid, for a net award of $8,797.15. Dkt. 20 at 2-3.

# DISCUSSION

### A.     Standing

Counsel for plaintiff notes that the Commissioner does not have a direct interest in payment of attorney's fees under § 406(b). Dkt. 24 at 1-2. The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 525 U.S. 789, 798 n.6 (2002), *citing with approval Lewis v. Secretary*, 707 F.2d 246, 248 (6th Cir. 1983) (Commissioner "retains an interest in the fair distribution of monies withheld for attorney's fees"). As the Central District of California has noted, the Commissioner may, in fact, lack the standing as a trustee for asserting technical, procedural objections such as timeliness that a claimant chooses not to raise—"objections essentially unrelated to the fairness of the distribution." *Herrera v. Berryhill*, 2019 WL 157724, at *3 (C.D. Cal. Jan. 9, 2019). Even presuming that the Commissioner could assert an untimeliness argument against plaintiff's counsel, at most the 15-month delay between the Notice of Award and the request for fees has deprived plaintiff of the interest on the difference between the amount the Commissioner has withheld from past-due benefits and the net award. *See, e.g.*, *id.* The Commissioner's opposition to the award *in toto* on the grounds of timeliness exceeds the bounds of her role as plaintiff's trustee. Nevertheless, the Court will consider the timeliness of the motion as did the court in *Herrera*—at the very least *sua sponte*, if not at the invitation of the defendant. *Herrera*, 2019 WL 157724, at *3.

### B.     Timeliness

The Commissioner argues that the Court should deny the motion as untimely. Dkt. 21 at 3. The Commissioner acknowledges that there is no time limit in § 406(b) itself and the Ninth

1  Circuit has not addressed the issue of timelines of a § 406(b) motion. *Id.*

2  Courts in the Northern District of California have adopted a "reasonable time" standard. *See, e.g., Zutis v. Colvin*, 2015 WL 3766811 (N.D. Cal. June 16, 2015) (finding "slight" delay of seven months reasonable where the delay had not affected the claimant or caused an undue burden); *Sizelove v. Astrue*, 2012 WL 3672393 (N.D. Cal. Aug. 24, 2012) (finding almost two-year delay "reasonable" where counsel explained that the delay was due to the departure of the calendaring staff from his firm and the subsequent loss of the documents related to the claimant's case); *Scharlatt v. Astrue*, 2008 WL 5000531 (N.D. Cal. Nov. 21, 2008) (approving year-and-a-half delay as reasonable where counsel claimed that his practice was to rely on a "closeout notice" from the Commissioner before filing a petition for attorney's fees, and no such notice had been provided).

Applying the reasonableness standard to this case, the Court considers counsel's explanation for the delay as provided in his reply. Counsel states that the 15-month delay was incurred because the ALJ approved the fee agreement at the agency level in such a manner that it preclude counsel from seeking § 406(b) fees in this Court. Dkt. 24 at 4. Counsel had to request that this approval be undone and could not file this motion until that process had been completed; he states that he filed this motion once this issue was resolved. *Id.* The Court concludes that counsel has provided a reasonable basis for the delay, the length of which was largely out of counsel's control. The Court therefore finds insufficient cause to deny as untimely plaintiff's motion for § 406(b) attorney's fees.

**C.   Amount of award**

The Commissioner disputes the amount of § 406(b) fees requested by counsel. Dkt. 21 at 4. The Commissioner asserts that the term "past-due benefits" is a term of art that includes the

total amount of payments that accumulated because of a favorable administrative decision, up to but not including the month the decision was made. *Id.* (citing 20 C.F.R. §§ 404.1704, 416.1503). The Commissioner also asserts that, because DIB payments are considered "income" for purposes of SSI, when retroactive benefits are paid and the claimant receives both DIB and SSI, the agency reduces the amount of the DIB payment by an amount equal to the SSI payment, resulting in the amount of past-due SSI benefits being "functionally excluded." *Id.* at 5 (citing 20 C.F.R. § 416.1123(d)(1); POMS GN 02610.005).

The Commissioner argues that the past-due award counsel bases his calculation on improperly includes payments for the month of the favorable decision, August 2020, through the month of the notices of award, October 2020, and that counsel improperly includes the amount of past-due SSI benefits in his calculation, when that amount is excluded from the past-due benefits awarded to plaintiff. *Id.* The Commissioner calculates what she contends to be the appropriate amount of § 406(b) fees by adding the monthly benefit amounts listed in the DIB award letter for the months of January 2016 through July 2020, for a total of $58,101.60 in past-due benefits, and, calculating 25% of that amount, arrives at a gross award $14,525.40, with a net award of $4,650.55 once EAJA fees have been deducted. *Id.*

Counsel simply replies that the Commissioner's calculation of past-due benefits is incorrect. Dkt. 24 at 4. He states that there are two award letters, one for DIB and one for SSI, and that the aggregate of the two awards is over $74,000, not the $58,101 listed by the Commissioner. Dkt. 24 at 4.

The Court has an independent duty to review a contingency-fee agreement to ensure its reasonableness, and considers factors such as the character of representation, the result achieved, and the size of the award in comparison to the time spent by counsel. *Gisbrecht*, 535 U.S. at 808.

ORDER DIRECTING PARTIES TO SUPPLEMENT MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) - 5

The Court first notes that the Commissioner does not contest the appropriateness of awarding counsel 25% of plaintiff's past-due benefits under the *Gisbrecht* factors, but only challenges the amount of past-due benefits this percentage is based on. Turning to the *Gisbrecht* factors, the Court finds that an award of § 406(b) fees is appropriate. Several of the factors clearly weigh in favor of an award, including the character of the representation, the results achieved, and the lack delay by counsel in pursuing benefits for plaintiff. However, the Court cannot fully assess the *Gisbrecht* factors without an accurate accounting of the actual amount of past-due benefits plaintiff was awarded and the amount the SSA has withheld for payment of attorney's fees, if any.

The Court is not familiar with the internal administrative processes for calculating past-due benefits and withholding funds for payment of attorney's fees, but it has found nothing to contradict the regulatory and administrative guidance cited by the Commissioner, and counsel has cited nothing to support his contention that the Commissioner is incorrect. In a review of this Court's past awards of § 406(b) fees, the Court has not found a comparable situation—where the notice of award does not include a statement regarding funds withheld for payment of attorney's fees, or where the parties request that the Court order payment of fees without an accurate accounting of the amount of past-due benefits awarded or the amount of funds the SSA retained for payment of this award.[1]

The Court also notes that under the SSA's internal litigation manual, the agency typically withholds 25% of past-due benefits for payment of attorney's fees. *See* HALLEX I-1-2-71. If a

---

[1] This review includes a recent case in which the plaintiff received both DIB and SSI benefits, and counsel requested § 406(b) fees of 25% of the past-due DIB benefits only, in an amount that equaled the amount withheld by the agency for payment of such fees. *See Abramyam v. Commissioner*, Case No. C19-5556-BAT, Dkts. 21-23.

ORDER DIRECTING PARTIES TO SUPPLEMENT MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) - 6

court awards fees under § 406(b), the SSA may pay the fee from the past-due benefits. *Id.* If the SSA does not receive a fee petition or statement of intent to file a petition, the agency issues a "close-out notice" and will release any past-due benefits to the claimant if it does not receive a response. HALLEX I-1-2-55.

The Court cannot assess in this case, based on the information it has received, whether the SSA withheld funds for payment of attorney's fees, the amount it withheld, or whether it still retains those funds. The Court declines to issue an order directing payment of attorney's fees without this information. Accordingly, the Court directs the parties to submit, no later than **April 8, 2022**, documentation of the amount of funds withheld from plaintiff's past-due benefits for payment of attorney's fees. Upon receipt of this information, the Court will be able to make a final assessment of the § 406(b) fee award.

DATED this 18th day of March, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING PARTIES TO SUPPLEMENT MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) - 7